**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JENNIFER S., | : | CIVIL ACTION |
| Plaintiff | : | |
| v. | : | |
| | : | |
| FRANK BISIGNANO, | : | |
| Commissioner of the Social | : | |
| Security Administration, | : | |
| Defendant | : | NO. 26-1526 |

# MEMORANDUM

CAROL SANDRA MOORE WELLS
UNITED STATES MAGISTRATE JUDGE August 12, 2026

Jennifer S. ("Plaintiff") seeks judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner of the Social Security Administration ("the Commissioner"), denying her claim for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. Plaintiff has filed a brief in support of her request for review, the Commissioner has responded to it, and Plaintiff has filed a reply. For the reasons set forth below, Plaintiff's request for review is denied.

## I. PROCEDURAL HISTORY[1]

Plaintiff filed her DIB claim on May 4, 2023, alleging that her disability began on April 13, 2022. R. 33. Plaintiff's claim was denied initially and upon reconsideration; hence, she requested a hearing before an administrative law judge. *Id.* A telephonic hearing was held before administrative law judge Brian Wood ("the ALJ"), on March 6, 2025. *Id.* Plaintiff, represented by an attorney, and vocational expert Marisia Hall ("the VE") testified at the hearing. R. 74-93.

[1] The court has reviewed and considered the following documents in analyzing this case: Plaintiff's Brief and Statement of Issues in Support of Request for Review ("Pl. Br.") (Document No. 6), Defendant's Response to Request for Review of Plaintiff ("Resp.") (Document No. 7), Plaintiff's Reply Brief ("Reply") (Document No.8), and the administrative record. ("R.") (Document No. 5).

The ALJ, applying the sequential evaluation process ("SEP") for disability,[2] denied relief, on April 4, 2025. R. 33-51. On February 3, 2026, the Social Security Administration's Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. R. 1-4. Next, Plaintiff sought judicial review in this court. The parties have consented to this court's jurisdiction, pursuant to 28 U.S.C. § 636(c)(1).

## II. FACTUAL BACKGROUND

### A. Personal History

Plaintiff, born on November 15, 1972, R. 77, was 52 years old on the date of the ALJ's decision. She has a college degree, last worked in April 2022, last had health insurance in January 2025, and lives alone. R. 78-79.

### B. Plaintiff's Testimony

At the March 6, 2025 administrative hearing, Plaintiff testified about her impairments. R. 77-89. Her health problems consist of chronic neck pain, which radiates down her arms, causing

[2] The Social Security Regulations provide the following five-step sequential evaluation for determining whether an adult claimant is disabled:

> 1. If the claimant is working, doing substantial gainful activity, a finding of not disabled is directed. Otherwise proceed to Step 2. *See* 20 C.F.R. § 404.1520(b).
>
> 2. If the claimant is found not to have a severe impairment which significantly limits his physical or mental ability to do basic work activity, a finding of not disabled is directed. Otherwise proceed to Step 3. *See* 20 C.F.R. § 404.1520(c).
>
> 3. If the claimant's impairment meets or equals criteria for a listed impairment or impairments in Appendix 1 of Subpart P of Part 404 of 20 C.F.R., a finding of disabled is directed. Otherwise proceed to Step 4. *See* 20 C.F.R. § 404.1520(d).
>
> 4. If the claimant retains the residual functional capacity to perform past relevant work, a finding of not disabled is directed. Otherwise proceed to Step 5. *See* 20 C.F.R. § 404.1520(f).
>
> 5. The Commissioner will determine whether, given the claimant's residual functional capacity, age, education, and past work experience in conjunction with criteria listed in Appendix 2, she is or is not disabled. *See* 20 C.F.R. § 404.1520(g).

hand numbness; back and bilateral knee pain; carpal tunnel syndrome ("CTS"); anxiety; migraine headaches; fatigue; difficulty concentrating, distractibility, and forgetfulness. R. 80, 83-84. Plaintiff's neck pain worsens if she bends down, squats, lifts weight, drives or turns her neck in any direction. R. 80. Her cervical surgery, in late October 2023, did not improve her neck pain; because Plaintiff now lacks medical insurance, she has not scheduled a follow-up appointment with her neurosurgeon. R. 81. Plaintiff treats her pain with heating pads and Motrin; she is reluctant to use narcotic pain medication, because both of her adult sons are drug addicts. R. 80.

Prior to losing health insurance, Plaintiff regularly received bilateral knee injections to provide temporary relief. R. 82. She wears prescribed wrist splints at night to treat her CTS; they have not provided relief. R. 83. Plaintiff's right shoulder is fine; however, she experiences pain if she lifts her left shoulder. R. 86. Plaintiff experiences migraine headaches, which sometimes last a full day, approximately three times per month. R. 83-84. Her physical discomfort and anxiety prevent her from sleeping well. R. 85.

Plaintiff is unable to perform household chores; her boyfriend and sons keep her house clean. R. 86-87. She occasionally babysits her six-year-old grandson who is autistic and suffers from ADHD. R. 88. Because of poor concentration, Plaintiff does not read; instead, she watches television and talks on the telephone for entertainment. R. 88.

C. Vocational Testimony

The VE identified Plaintiff's past relevant work as nurse assistant as a semi-skilled[3] job,

[3] "Semi-skilled work is work which needs some skills but does not require doing the more complex work duties." 20 C.F.R. § 404.1568(b). It is less complex than skilled work but more complex than unskilled work. *Id.* "A job may be classified as semi-skilled where coordination and dexterity are necessary, as when hands or feet must be moved quickly to do repetitive tasks." *Id.*

typically performed at the medium[4] level of exertion but performed by Plaintiff at the heavy[5] level. R. 89. The ALJ asked the VE to consider a person having Plaintiff's age, education and past relevant work, who was able to perform light[6] work; with additional limitations: unable to climb ladders, ropes or scaffolds; unable to crawl; occasionally able to climb ramps and stairs; occasionally able to balance, stoop, kneel and crouch; frequently able to reach forward and laterally and push and pull with the left upper extremity; frequently able to handle, finger and feel with both upper extremities; able to tolerate frequent exposure to vibration and hazards such as heights and moving machinery; able to understand, remember and carry out simple instructions; able to tolerate low stress work, defined as occasional simple decision making and occasional changes in the work setting; and able to tolerate occasional interaction with co-workers, supervisors and the public. R. 89-90. The VE opined that this individual could not perform Plaintiff's past work but could perform three unskilled[7] jobs: (1) marker, 163,000 positions in the national economy; (2) routing clerk, 123,000 positions in the national economy; and (3) inspector and hand packager, 6900 positions in the national economy. R. 90. Additionally, the VE opined that, if the person could only stand and walk for four hours in an eight hour workday, the number of light jobs would be reduced by 50%. R. 90-91. Next, if the same individual was limited to sedentary[8] work, they could perform three unskilled jobs: (1) document preparer, 14,100 positions in the national

[4] "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. § 404.1567(c).
[5] "Heavy work involves lifting no more than 100 pounds at a time with frequent lifting or carrying of objects weighing up to 50 pounds." 20 C.F.R. § 404.1567(d).
[6] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 404.1567(b).
[7] "Unskilled work is work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time. The job may or may not require considerable strength . . . [a] person does not gain work skills by doing unskilled jobs." 20 C.F.R. § 404.1568(a).
[8] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking or standing is often necessary in carrying out job duties." 20 C.F.R. § 404.1567(a).

economy; (2) address clerk, 2000 positions in the national economy; and (3) sorter 1900 positions in the national economy. R. 91. Finally, the VE opined that employers tolerate an employee being off task no more than 10% of the workday.[9] R. 92.

## III. THE ALJ's FINDINGS

In his decision, the ALJ issued the following findings:

> 1. [Plaintiff] meets the insured status requirements of the Social Security Act through December 31, 2028.
>
> 2. [Plaintiff] has not engaged in substantial gainful activity since the alleged onset date (20 CFR 4041571 *et seq*,).
>
> 3. Since the alleged onset date of disability, [Plaintiff] has the following severe impairments: degenerative disc disease of the cervical spine with radiculopathy, the residual effects of a cervical fusion, degenerative disc disease of the lumbar spine, osteoarthritis of the bilateral knees, carpal tunnel syndrome of the bilateral upper extremities, gastroesophageal reflux disease (GERD), major depressive disorder, generalized anxiety disorder, and insomnia (20 CFR 404.1520(c)).
>
> 4. Since April 13, 2022, [Plaintiff] did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, and 404.1526).
>
> 5. After careful consideration of the entire record, the undersigned finds that from April 13, 2022 through December 3, 2023, [Plaintiff] has the residual functional capacity to perform sedentary work as defined at 20 CFR 404.1567(a), except she cannot crawl or climb ladders, ropes, and scaffolds; can occasionally climb ramps and stairs, balance, stop, kneel, and crouch; can frequently reach forward and laterally with the nondominant left upper extremity; can occasionally reach overhead with the left upper extremity; can frequently push and pull with the left upper extremity; can frequently handle, finger and feel with the bilateral upper extremities; can have frequent exposure to vibration and hazards such as heights and moving

[9] The VE also identified the sources for her testimony. R. 92.

machinery; is able to understand, remember, and carry out simple instructions; requires low stress work, defined as work that involves occasional simple decisionmaking and occasional changes in the work setting; and can have occasional interaction with coworkers, supervisors, and the public.

6. From April 13, 2022 through December 3, 2023, [Plaintiff] was unable to perform any past relevant work (20 CFR 404.1565).

7. Prior to the established disability onset date, [Plaintiff] was a younger individual age 45-49. On November 14, 2022, [Plaintiff's] age category changed to an individual closely approaching advanced age (20 CFR 404.1563).

8. [Plaintiff] has at least a high school education (20 CFR 404.1564).

9. Prior to November 14, 2022, transferability of skills is not material to the determination of disability because using the Medical-Vocational guidelines as a framework supports a finding that [Plaintiff] is "not disabled" whether or not [Plaintiff] has transferrable job skills. From November 14, 2022 through December 3, 2023, [Plaintiff] was not able to transfer job skills to other occupations (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2 ).

10. Prior to November 14, 2022, the date [Plaintiff's] age category changed, considering [Plaintiff's] age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers that [Plaintiff] could have performed (20 CFR 404.1569 and 404.1569a).

11. Beginning on November 14, 2022, the date [Plaintiff's] age category changed, through December 3, 2023, considering [Plaintiff's] age, education, work experience, and residual functional capacity, there are no jobs that exist in significant numbers in the national economy that [Plaintiff] could perform (20 CFR 404.1560(c) and 404.1566).

12. [Plaintiff] was not disabled prior to November 14, 2022, but became disabled on that date and continued to be disabled through December 3, 2023 (20 CFR 404.1520(g)).

13. [Plaintiff] has not developed any new impairment or impairments since December 3, 2023, the date [her] disability ended. Thus, [her] current severe impairments are the same as that [sic] present from April 3, 2022 through December 3, 2023.

14. Medical improvement occurred as of December 4, 2023, the date [Plaintiff's] disability ended (20 CFR 404.1594(b)(1)).

15. The medical improvement that has occurred is related to the ability to work because there has been an increase in [Plaintiff's] residual functional capacity (20 CFR 404.1594(b)(4)(i)).

16. After careful consideration of the entire record the undersigned finds that, beginning December 4, 2023, [Plaintiff] has the residual functional capacity to perform light work as defined at 20 CFR 404.1567(b), except she can stand or walk for four hours in an eight hour workday; cannot crawl or climb ladders, ropes, and scaffolds; can occasionally climb ramps and stairs, balance, stop, kneel, and crouch; can frequently reach forward and laterally with the nondominant left upper extremity; can occasionally reach overhead with the left upper extremity; can frequently push and pull with the left upper extremity; can frequently handle, finger and feel with the bilateral upper extremities; can have frequent exposure to vibration and hazards such as heights and moving machinery; is able to understand, remember, and carry out simple instructions; requires low stress work, defined as work that involves occasional simple decisionmaking and occasional changes in the work setting; and can have occasional interaction with coworkers, supervisors, and the public.

17. [Plaintiff] is unable to perform past relevant work (20 CFR 404.1565).

18. [Plaintiff's] age category has not changed since December 4, 2023 (20 CFR 404.1563).

19. [Plaintiff's] education level has not changed (20 CFR 404.1564).

20. Beginning December 4, 2023, transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rukes as a framework supports a

> finding that [Plaintiff] is "not disabled," whether or not [she] has transferrable job skills (See 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).
>
> 21 Beginning December 4, 2023, considering [Plaintiff's] age, education, work experience, and residual functional capacity, there have been jobs that exist in significant numbers that [she] can perform (20 CFR 404.1560(c) and 404.1566).
>
> 22. [Plaintiff's] disability ended December 4, 2023, and [she] has not become disabled again since that date (20 CFR 416.994a(b)(3)).

R. 35-36, 38, 43-46, 49-51.

## IV. DISCUSSION

A. Standard of Review

Judicial review of the Commissioner's final decision is as follows. The Commissioner's findings of fact will not be disturbed if they are supported by substantial evidence. *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 91 (3d Cir. 2007); *Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999). Substantial evidence is not "a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotation omitted). While it is more than a mere scintilla of evidence, *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019), it may amount to less than an evidentiary preponderance. *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001); *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988). Overall, this test is deferential to the ALJ, and the court should affirm the ALJ's findings of fact that are supported by substantial evidence, even when the court, acting *de novo,* might have reached a different conclusion. *Monsour Medical Center v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986), *cert. denied*, 482 U.S. 905 (1987). Indeed, the court is not permitted to weigh the record evidence itself.

*Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005). By contrast, the Commissioner's legal conclusions are subject to *de novo* review. *Poulos*, 474 F.3d at 91; *Schaudeck*, 181 F.3d at 431.

B. Burden of Proof in Disability Proceedings

To be found "disabled" under the Act, Plaintiff must carry the initial burden of demonstrating that she is unable to engage in "any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a). Plaintiff may establish a disability through: (1) medical evidence meeting one or more of the serious impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1; or (2) proof that the impairment is severe enough that Plaintiff cannot engage in any type of "substantial gainful work which exists in the national economy." *Heckler v. Campbell*, 461 U.S. 458, 460 (1983); 42 U.S.C. § 423(d)(2)(A).

Under the first method, Plaintiff is considered *per se* disabled by meeting one of the "listed" impairments. *Heckler*, 461 U.S. at 460. Under the second method, Plaintiff must initially demonstrate that a medically determinable impairment prevents her from returning to her past employment. *See Brown*, 845 F.2d at 1214. If Plaintiff proves that her impairment results in functional limitations to performing her past relevant work, then the burden of proof shifts to the Commissioner to prove that work does in fact exist in the national economy which Plaintiff can perform given her age, education, work experience and residual functional capacity. *See Hess v. Comm'r Soc. Sec.*, 931 F.3d 198, 201 (3d Cir. 2019); *Poulos,* 474 F.3d at 92.

C. Review of the Administrative Law Judge's Decision

Applying the SEP, the ALJ determined that Plaintiff was not disabled beginning on her alleged onset date, despite being limited to sedentary work, until she attained the age of 50, at

which point she was disabled, per Medical Vocational Rule 201.14; as of December 4, 2023, Plaintiff's condition improved medically, allowing for light work, and rendering her no longer disabled,. R. 33-51. Plaintiff disputes the ALJ's decision that her condition improved medically on December 4, 2023, arguing that the ALJ erred because his finding of medical improvement: (1) is unsupported by substantial evidence; and (2) is based solely on a single consultative examination. Pl. Br. at 7-10. The Commissioner denies Plaintiff's claims of error. Resp. at 9-17. This court finds that Plaintiff's arguments lack merit.

1. The ALJ's Medical `Improvement Finding is Supported by Substantial Evidence

Plaintiff argues that the ALJ did not cite substantial evidence to support his conclusion that her condition had medically improved as of December 4, 2023. Pl. Br. at 7-9.[10] This argument lacks merit.

The ALJ explained that he found Plaintiff had achieved medical improvement as of December 4, 2023, because: in November 2023, Plaintiff reported to her neurosurgeon's office that she was feeling great overall, R. 1390; on December 4, 2023, consultative examiner David Klebanoff, M.D., opined that Plaintiff had generally normal physical functioning, could stand and walk for up to four hours and could lift up to 20 pounds, which are consistent with performing light work, R. 1102-03, 1105-06; Plaintiff's January 2024 appointment with her neurosurgeon indicated that she was recovering well from her cervical surgery, R. 1382; and Plaintiff did not seek additional orthopedic or neurosurgical treatment after December 2023 and January 2024,

[10] Plaintiff also maintains that evidence she submitted to the Appeals Council after the ALJ rendered his decision demonstrates that the ALJ's decision lacks substantial evidence. Pl. Br. at 7-9. However, evidence not submitted to the ALJ cannot be used to argue that the ALJ's decision lacks substantial evidence. *Matthews v. Apfel*, 239 F.3d 589, 594-95 (3d. Cir. 2001) (citing *Jones v. Sullivan*, 954 F.2d 125, 128 (3d Cir. 1991). Instead, that evidence could be used to argue that the case should be remanded, pursuant to sentence six of 42 U.S.C. § 405(g). *Matthews*, 239 F.3d at 592 (citing *Szubak v. Sect. of HHS*, 745 F.2d 831, 833 (3d Cir. 1984)). A sentence six remand requires, *inter alia*, that Plaintiff demonstrate good cause for not submitting the evidence to the ALJ. *Mattews*, 239 F.3d at 592. Plaintiff has not sought a sentence six remand.

respectively. R. 46.

Substantial evidence is, in truth, a small amount of evidence. *Biestek*, 587 U.S. at 103. There is no question that it need not amount to an evidentiary preponderance. *Fargnoli*, 247 F.3d at 38. Herein, the ALJ identified more than a mere scintilla of evidence to support his conclusion that Plaintiff had experienced medical improvement as of December 4, 2023. Furthermore, that evidence suggests that Plaintiff could perform light work, instead of sedentary work, which constitutes an increase in her residual functional capacity; hence, the medical improvement clearly was work-related. *See* 20 C.F.R. § 404.1594(b)(4)(i) (explaining that an increase in the claimant's residual functional capacity constitutes evidence that the claimant's medical improvement is work-related). The fact that, apart from evidence not presented to the ALJ, Plaintiff can identify other record evidence that is inconsistent with the ALJ's conclusion is not dispositive, because the sole evidentiary question before this court is whether the ALJ identified substantial evidence to support his conclusion. He did so; hence, there is no basis to find a lack of substantial evidence.

2. <u>The ALJ did not Rely Solely on One Consultative Examination to Decide the Plaintiff had Experienced Medical Improvement</u>

Next, Plaintiff argues that the ALJ erred because he relied solely upon Dr. Klebanoff's consultative examination to determine that her condition had medically improved as of December 4, 2023. Pl. Br. at 9-10. This argument is belied by the record. As explained *supra* Section IV.C.1, in addition to Dr. Klebanoff's opinions, the ALJ relied upon Plaintiff's own statements to her neurosurgeon, her neurosurgeon's opinion, and her failure to seek additional treatment as substantial evidence of medical improvement.

Implementing and Judgment Orders follow.